UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,                                          Criminal 05-23 (2) (RHK/AJB)
                                                                       Civil No. 06-202 (RHK)
vs.                                                                **ORDER**

Hilario Vargas Cruz,

        Defendants.

Before the Court is Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. Defendant entered a guilty plea to possession with the intent to distribute methamphetamine, and was sentenced to 60 months in prison, the statutory mandatory minimum for that offense. In the plea agreement, it was contemplated that Defendant would qualify for the "safety valve" and that the guideline range would be 37-46 months. The Presentence Investigation Report, however, determined that he was not safety valve eligible and that the mandatory minimum sentence of five years applied.

In the instant matter, Defendant contends that he was "promised" that his sentence would fall within the 37-46 month range contemplated by the plea agreement and that his lawyer was "ineffective" for not securing that result. The argument is without merit. The plea agreement itself made clear that the "parties' views as to the sentencing factors are not binding upon the Court." Accordingly, there was no "breach" of the plea agreement. Defendant also takes issue with the determination that two points were added to his offense

level because at the time of the instant offense, he was under a criminal justice sentence in San Diego County, California, as a result of his probation having been revoked. With respect to that issue, there was no objection interposed to the Presentence Report and defense counsel acknowledged that Defendant "was still under probation for that offense at the time of the instant offense." That additional two points made Defendant ineligible for the safety valve and the plea agreement clearly provides that "the parties understand that there is a five year mandatory minimum without the application of Guideline Section 5C1.2(1)-(5)." Under these circumstances, there is no basis for the argument that defense counsel was ineffective.

The Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (CR-05-23, Doc. No. 70, CV-06-202, Doc. No. 1) is **DENIED**.

Dated: April 24, 2006

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge